ISAAC J. GEERY AND HENRY B. SCHOLES, Executors, etc., Respondents, *v.* GEORGIANA F. WEBSTER, Impleaded WITH WILLIAM GEERY AND OTHERS, Appellants.

*Plea of pendency of former suit for same cause — when allowed.*

The plaintiffs herein commenced an action in the Court of Common Pleas against the defendant Geery and wife, to set aside certain conveyances alleged to be fraudulent as to creditors, and caused notice of *lis pendens* to be filed therein. While that action was pending, the present one was commenced against the same defendants, together with the defendants G. F. Webster and others, to have the same conveyances set aside, and also other conveyances by which the same property was fraudulently conveyed to the defendant G. F. Webster, and by her conveyed to other defendants. To this action the defendant Webster demurred, on the ground that another action for the same purpose between the same parties was pending. *Held*, that the demurrer was properly overruled:

(1) Because the defendant Webster was not a party to the former action, and therefore not prosecuted for the second time for the same cause.
(2) Because, as the conveyance to her was made after the commencement of the former action, it could not be directly affected thereby, unless the complaint therein was amended, which the plaintiffs could not be forced to do.

APPEAL from an order overruling a demurrer interposed by the defendant Georgiana F. Webster to the complaint.

*F. J. Fithian*, for the appellants. It is not necessary that the parties to each action should be the same. (*Castle* v. *Brown*, 14 N. Y., 329; *Campbell* v. *Hall*, 16 id., 575; *Dawley* v. *Brown*, 65

Barb., 107, 126, 127; *Ehle* v. *Bingham*, 7 id., 494; *Green* v. *Clark*, 12 N. Y., 343; *Lawrence* v. *Hunt*, 10 Wend., 81; *Bates* v. *Stanton et al.*, 1 Duer, 79; *Ritter* v. *Worth*, 58 N. Y., 627; *The People* v. *Stephens*, Weekly Digest, vol. 2, p. 518; *Tyng* v. *Clark*, 9 Hun, 275.) The first suit affords the plaintiffs the same relief, by reason of the *lis pendens* filed, as is attainable in this suit; and when such is the case, the plea of a prior suit pending may be pleaded by demurrer, and the plea will be sustained. (1 Daniel Ch. Pl. and Pr. [4th ed.], pp. 561, 632, 633; *Sanders* v. *Frost*, 5 Pick., 259–275; 1 Barb. Ch. Pr., 125, 126; *Law* v. *Rigby*, 3 Bro. Ch., 60; *Pickford* v. *Hunter*, 5 Simp., 122.; Story Eq. Pleading; *Cordin* v. *Cordin*, 26 How. Pr., 191.)

*Edwin T. Rice*, for the respondents. In equity, to sustain a plea of another suit pending, it is requisite that the whole effect of the second suit should be attainable in the first suit. (1 Barb. Ch. Pr., 125; 1 Danl. Ch. Pr. [4th ed.], 632; Story's Equity Pl., § 739; *Law* v. *Rigby*, 4 Brown C. R., 60; *Bickford* v. *Hunter*, 5 Sim., 122; *Reeve* v. *Dalby*, 2 Sim. & Stu., 464; *Way* v. *Bragaw*, 16 N. J. Ch., 213–218; *Hertell* v. *Van Buren*, 3 Edw. Ch., 20–30; *Haire* v. *Baker*, 5 N. Y., 357; *Pullman* v. *Ally*, 53 id., 637; *Cordier* v. *Cordier*, 26 How. Pr., 187.)

Brady, J.:

The plaintiffs seek by this action to set aside certain conveyances executed by William Geery and others, including the defendant Georgiana F. Webster, and by which the apparent title was in the wife of said William, as part of a scheme by which the said William designed to defraud his creditors. The complaint herein, among other averments, contains a statement that an action to accomplish substantially the same purpose was commenced against William Geery and Louisa, his wife, in the Court of Common Pleas, and proceeded to judgment, but that on appeal to the Court of Appeals the judgment was set aside and a new trial ordered. It also avers that after the commencement of that action the defendant Georgiana again accepted a deed of the property affected by the fraudulent transfer from William Geery and his wife, and that she, in union with her husband, subsequently transferred the premises to different

grantees. It appears, also, from the complaint that the *lis pendens*, which was filed when the former action was commenced, included all the property, but the name of Georgiana does not appear in it. It was not necessary, perhaps, that it should, because she had no title then to the property. It will be perceived from this statement that another action for the same cause was pending, except that the last conveyance to Georgiana was not set forth, nor were the conveyances from her to her grantees. These conveyances, as already shown, were subsequent to the commencement of the action in the Common Pleas, and could not have been included in that action when it was begun. The prior conveyances, which might affect the title of Georgiana, were assailed, it is true, but the last conveyance to her was not, and it would not be directly affected by that action without an amendment of the complaint in some form. The pendency of the action was, however, under the circumstances, deemed a good reason why the complaint herein should be demurred to. A demurrer was consequently interposed by her and overruled. She now appeals. Was the judgment of the court below correct? The rule in equity is, that it must appear that the whole effect of the second suit would be attainable in the first (1 Barb. Ch., 125); and this rule is founded in reason. In this case the whole effect could not be obtained without an amendment of the complaint in the first action, and there is no rule of law which compels a party to file a supplemental complaint. It is not compulsory. (*Cordier* v. *Cordier*, 26 How. Pr. R., 187.) He may resort to another action; and as to the defendants in the original action, if others be made parties, as suggested in the case of *Cordier* v. *Cordier* (*supra*), it comes within the provision authorizing a stay in one action till the other is finished. When the causes are identical, and the plaintiff can accomplish all in either action, the result must be different. It is not considered necessary, in order to dispose of this appeal, to enter into any disquisition upon the meaning of the word "parties," or the effect of the filing of the *lis pendens*. It is enough for the purposes of this appeal that this action is clearly shown to embrace more than the former action, and that the additional relief demanded rests on events occurring after the former action was commenced. The defendant's remedy, if any she have, is by a stay. It may be said, in addition, that Georgiana is not, for the reasons assigned, in the

position requisite to protest by demurrer against this action. She was not a party to the former action, and could not have been, necessarily. She is not prosecuted the second time. This is the first action as to her, and although she is a privy in estate by the conveyance from Geery, yet the *lis pendens*, if it affected her rights at all, did so indirectly. In other words, conveyances in existence might be fraudulent and hers good, except so far as it might be prejudiced by the notice given to the world through the *lis pendens*. We think the decision rendered was correct, therefore, and the order entered is affirmed, but with costs to abide the event.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, costs to abide event.